IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GEORGE STAMOS, JR., | No. C-14-4137 TEH (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| O. GARCIA, et al., | |
| Defendants. | |

I

Plaintiff James George Stamos, Jr., an inmate at Kern Valley State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983 against staff at Salinas Valley State Prison (SVSP), where Plaintiff was previously incarcerated. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune

from such relief." Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## II

### A

In his complaint, Plaintiff alleges that, in early-2013, he was charged with battery with a weapon on SVSP Officer Cermeno. On March 8, 2013, Defendant Correctional Officer O. Garcia, who was assigned as the Investigative Officer to collect evidence, took a brief written statement from Plaintiff.  However, Defendant Garcia failed to ask Plaintiff for the names of any witnesses and failed to provide Plaintiff with an incident report.  On March 31, 2013, Plaintiff had a disciplinary hearing presided over by Defendant Lt. J. Ruiz, in which Plaintiff was unlawfully denied witnesses and the opportunity to present evidence.  Plaintiff was found guilty. Defendants Correctional Counselor J. Hughes and Chief Deputy Warden W. Muniz imposed an illegal SHU term for assault despite the fact that charges had been reduced to "battery on a peace officer," which is a Division "B" offense.  Plaintiff was also assessed a 121-day loss of time credits.  He seeks money damages, reversal of the disciplinary findings, and restoration of time credits.

2

**B**

The United States Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), bars claims of unconstitutional disciplinary actions resulting in the deprivation of time credits because such claims necessarily call into question the lawfulness of the plaintiff's continuing confinement insofar as they implicate the duration of the plaintiff's sentence. <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996); <u>see</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 645 (1997) (holding that <u>Heck</u> bars claim for using wrong procedures in disciplinary hearing that resulted in loss of time credits if "nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the" disciplinary decision). Where a claim would, if successful, "necessarily accelerate" the prisoner's release, <u>Heck</u> applies. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858-59 (9th Cir. 2003). Here, Plaintiff in essence claims that the disciplinary findings are incorrect. If successful, this claim would necessarily accelerate his release because it would invalidate the prison officials' disciplinary action, including the revocation of 121 days of his good time credits. As a result, <u>Heck</u> bars his claims for money damages based upon the allegedly unconstitutional disciplinary action until such time as the discipline has been overturned or otherwise invalidated. Plaintiff is not precluded from challenging the disciplinary action in federal court in a federal habeas petition. <u>See</u> <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir. 1997) (time credit claim that affects duration of prisoner's custody, and a determination of which may likely result in entitlement to earlier release, must be brought

3

in habeas); Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (habeas is "exclusive remedy" for prisoner who seeks "'immediate or speedier release'" from confinement). Accordingly, the claims will be dismissed without prejudice to Plaintiff challenging the disciplinary action in a federal habeas petition after he has exhausted the claim through the state courts, or to Plaintiff refiling his claims for damages in a new civil rights action when the disciplinary action has been overturned or otherwise invalidated.

III

The complaint is DISMISSED without prejudice. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED     _12/09/2014_                              _____
                                                    THELTON E. HENDERSON
                                                    United States District Judge

G:\PRO-SE\TEH\CR.14\Stamos 14-4137 Dismiss.wpd